UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:                                             Case No.: 8:14-bk-13226-CPM
                                                   Chapter 7
**William S. Carson**

    Debtor.
_____/

WILLIAM S. CARSON, SR.,
    Plaintiff,

vs.                                                Adversary No. _____

    Defendant.
WELLS FARGO BANK, N.A.
_____/

### VERIFIED COMPLAINT

**DEBTOR WILLIAM S. CARSON'S ADVERSARY
COMPLAINT; CHALLENGING THE VALIDITY
OR EXTENT OF THE DEFENDANT CREDITOR
CLAIM ON ESTATE PROPERTY -- PER A 2008
*(IGNORED)* "TILA" NOTICE OF RESCISSION.**

A first mortgage loan for **$417,000** between Debtor, William S. Carson (hereinafter "Carson"), and Wells Fargo Bank, N.A., (hereinafter "Bank") was transacted in 2007. The loan and note was solely for and in the name of Carson.

The $417,000 was allegedly secured by a Bank mortgage agreement, on home property owned by Carson, and jointly by his Wife, Sylvia H. Carson.

The Bank appraisal for the loan process, showed a Carson/Wife property value of **$870,000** -- leaving **$453,000** of surplus savings equity in the property.

In January of 2008 – due to the "crash" of the financial markets – Carson realized he would be unable to continue making the loan payments, and contacted the Bank to that he was going to exercise his note no-prepayment-penalty right to pay off the loan in full, by way of a sale of property, or a refinancing.

At that time, Carson had buyer offers of $550,000 for his home property, and for $225,000 for an adjacent lakefront lot (appraised at $315,000). Carson also had equity in his prior home of approximately $180,000, and another lakefront property valued at around $50,000, and a personal credit rating in the mid 700's.

Long story, short, this tender offer by Carson to pay off the loan in full, was never excepted or allowed by the Bank, culminating in a six year "runaround" and "dual tracking" State foreclosure action, filed in September of 2008 – which is the current case subject of the Carson-as-Debtor "Notice of Removal" related Adversary Proceeding No. 8:14-ap-01093-CPM.

During the six years of the State foreclosure action - while the Bank has continually blocked Carson from executing his tender of full payment by a sale of his property - and from thereby to avoid a foreclosure and to access the Carson and Wife life-savings locked up as surplus equity in the secured property – the Bank

has charged Carson and his Wife approximately **$300,000** in "equity stripping" penalties and fees, bringing the amount now demanded by the Bank and at issue in the Notice of Removal Case, to around **$700,000**, plus costs and attorney fees.

## THE "TILA" TRUTH IN LENDING ACT -- NOTICE OF RESCISSION

In December of 2008, Carson sent his "Notice of Rescission" (copy attached hereto), along with a RESPA "Qualified Written Request", to the Bank.

<u>There was no response, from the Bank, to this action, by Carson.</u>

As this Honorable Court is aware, this January 13th of 2015, the U. S. Supreme Court issued a unanimous Ruling in *Jesinoski v. Countrywide Home Loans Inc.*, clarifying the previous conflicts between the Federal Circuits concerning the action required to trigger a Right of Rescission under TILA, to being <u>that the only requirement is the showing of a (mailed) transmittal of a written notice by the borrower to the lender</u>, for the borrower to exercise his Federal law right of rescission.

Accordingly, since the attached notice of rescission document facially shows that Carson lawfully exercised his right to "rescind the transaction" within 3 years, and in that <u>the Bank waived any right the Bank had by electing not to respond within the 20 days</u> *(and 6 years)*, re statutes of limitation or repose as allowed to perform or <u>dispute</u> the rescission -- that the alleged mortgage security agreement

3

between Carson and the Bank became by action of law re the Federal Statute, void, *ab initio*, and unenforceable in that the foreclosure action by the Bank became moot and therein any claim by the Bank as a creditor to Debtor Estate property and value, is without substance and of legal effect (except as to jurisdictional rulings or motions that may be necessary for Carson to secure The Estate rights to preserve Carson <u>counterclaim</u> rights as to being <u>compulsory</u> brought *within* the prior foreclosure action, if that action retains or extends any legal effect to that issue if herein negated by action of Federal TILA law, in Toto, by this Honorable Court).

WHEREFORE, Carson, in this Adversary Proceeding, prays this Honorable Court to rule the above referenced Bank claim to any Estate Property to be null and void by action of the Federal Truth in Lending Act, in that the mortgage security agreement claimed by the Bank was voided by action of that law, and that the foreclosure action brought by the Bank in the State of Florida 10th Circuit Court (removed here) be dismissed, with prejudice; and for a ruling of quite title on the alleged mortgage security property with any other steps clearing related clouding or slander of title on the property, to allow the unrestricted alienation of said Estate property for the residual benefit of the Estate or Carson, and to preserve and secure for the Estate or Carson the right to counterclaim as to actions or inactions by the Bank relating to the foreclosure related legal proceedings; and for any other or additional relief that the Debtor Plaintiff may be justly entitled at law or in equity.

To:  Wells Fargo Home Mortgage (via certified mail)
     3476 Stateview Blvd.
     Fort Mill, SC  29715

From:  William Carson; December 16, 2008

RE:  Loan # 708-0172343436


Dear Sir/Madam:

Please find herein two important documents for your attention and action:

1. A <u>TILA Rescission Notice</u>;

2. A <u>Qualified Written Quest</u> (RESPA & TILA).


I would appreciate your prompt response to these notices of action.



Thank You

*/s/ WB Carson*

William S. Carson
December 16, 2008

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   WELLS FARGO HOME MORTGAGE
   3476 STATEVIEW BLVD.
   FORT MILL, SC
   29715

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7008 0150 0000 5615 8088

Submitted this 9th day of February, 2015.

*William S. Carson*
William S. Carson, Debtor/Plaintiff
3524 Twisted Oak Court
Lake Wales, Fl 33898

## VERIFICATION
## STATE OF FLORIDA

COUNTY OF POLK

BEFORE ME personally appeared William S. Carson Sr. who, being by me first duly sworn and identified in accordance with Florida law, deposes and says:

1. My name is William S. Carson Sr., Plaintiff herein.

2. I have read and understood the material filed herein, and each fact alleged therein is true and correct as of my belief and own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT

*William S. Carson*
William S. Carson Sr.

SWORN TO and subscribed before me this __9__ day of __February__ 2015.

*[signature]*
Notary Public
My commission expires: 7-27-__

[Notary Seal: PATTY CLINE, MY COMMISSION EXPIRES July 27, 2017, #FF 002479, Bonded thru Notary Public Underwriters, NOTARY PUBLIC STATE OF FLORIDA]

DATED this __9__ day of __Feb__ 2015.

*William S. Carson*
William S. Carson, Defendant in Pro Se
3524 Twisted Oak Court
Lake Wales, Fl 33898

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been submitted via U.S. Mail to the following mailing list, this 9th day of February, 2014.

*William S. Carson*
William S. Carson
3524 Twisted Oak Court
Lake Wales, Fl 33898

U.S. Bankruptcy Court Clerk's Office
Middle District of Florida – Tampa
Sam E. Gibbons U.S. Courthouse
801 N. Florida Ave. – Suite 555
Tampa, Fl 33602

Wells Fargo Bank NA
Attorney Christopher M. Sacco
Carlton Fields Jordan Burt, P.A.
P.O. Box 3239
Tampa, Florida, 33601

Trustee
Carolyn R. Chaney
P.O. Box 530248
St. Petersburg, Fl 33747

U.S. Trustee
United States Trustee – TPA 7/13
Timberlake Annex – Suite 1200
501 E. Polk Street
Tampa, Fl 33602

FILED VIA MAIL
FEB 11 2015
CLERK, US...
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

## Local Bankruptcy Form 102.2, Cover Sheet

| Adversary Proceeding Cover Sheet (Instructions on Reverse) | Adversary Proceeding Number (Court Use Only) |
|---|---|
| **Plaintiff** WILLIAM S. CARSON | **Defendants** WELLS FARGO BANK, N.A. |
| Attorneys (Firm Name, Address, & Telephone)  No Attorney: [X] | Attorneys (if known)  No Attorney: [ ] |

Party (check one box only): [ ] 1. U.S. Plaintiff; [ ] 2. U.S. Defendant; [X] 3. U.S. Not a Party

Cause of Action (write a brief statement of cause of action, including all U.S. statutes involved): A 2008 "TILA" ACTION RE: A DEBTOR/PLAINTIFF "NOTICE OF RESCISSION" TO DEFENDANT

Nature of Suit (check only the one most appropriate box)

- [ ] 424 Object to or revoke a discharge 11 U.S.C. § 727
- [ ] 426 Determine the dischargeability of a debt 11 U.S.C. § 523
- [ ] 434 Obtain an injunction or other equitable relief
- [X] 435 Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- [ ] 454 Recover Money or Property
- [ ] 455 Revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
- [ ] 456 Obtain a declaratory judgment relating to any of the foregoing causes of action
- [ ] 457 Subordinate any allowed claim or interest except where such subordination is provided in a plan
- [ ] 458 Obtain approval for the sale of both the interest of the estate and of a co-owner in property
- [ ] 459 Determine a claim or cause of action removed to a bankruptcy court
- [ ] 498 Other (Specify)

Origin of Proceedings (check one box only): 1. [X] Original; 2. [ ] Removed; 4. [ ] Reinstated or Reopened; 5. [ ] Transferred from Another Bankruptcy Court

[ ] Check if this is a class action under F.R.Civ.P. 23

| Demand | Nearest Thousand $100 | Other Relief Sought MORTGAGE LIEN VOID/QUITE-TITLE-RULING | [X] Jury Demand |
|---|---|---|---|

**Bankruptcy Case In Which This Adversary Proceeding Arises**

| Name of Debtor(s) WILLIAM S. CARSON | Bankruptcy Case No. 8:14-bk-13226-CPM |
|---|---|
| District in which Case is Pending MIDDLE OF FLORDIA | Divisional Office TAMPA | Name of Judge McEWEN |

**Related Adversary Proceeding (if any)**

| Plaintiff WILLIAM S. CARSON | Defendant WELLS FARGO BANK, N.A. | Adversary Proceeding No (REMOVAL STATE) 8:14-ap-01093-CPM |
|---|---|---|
| District in which Case is Pending MIDDLE OF FLORIDA | Divisional Office TAMPA | Name of Judge McEWEN |

Filing Fee (check one box only): [ ] Fee attached; [X] Fee not required; [ ] Fee is deferred

| Date 02/09/2015 | Name (print) WILLIAM S. CARSON | Signature of Attorney (or Plaintiff) /s/ William S. Carson |
|---|---|---|

U.S. POSTAGE PAID
WINTER HAVEN, FL
33881
FEB 09, 15
AMOUNT
$0.70
00097434-1

William Carson
3524 Twisted Oak Ct.
Lake Wales, Fl 33898

U.S. Bankruptcy Court Clerk's Office
Middle District of Florida - Tampa Division
Sam M. Gibbons U.S. Courthouse
801 N. Florida Ave. – Suite 555
Tampa, Fl 33602